Hershey **LERNER** and Inventions Management Corporation, Plaintiffs,

v.

David L. **LADD**, Commissioner of Patents, Defendant.

Civ. A. No. 3708-60.

United States District Court
District of Columbia.

Aug. 27, 1962.

I. Walton Bader, Bader & Bader, New York City, for plaintiffs.

Clarence W. Moore, Solicitor, United States Patent Office, Washington, D. C., for defendant.

JONES, District Judge.

## FINDINGS OF FACT

1. This is an action brought under 35 U.S.C. § 145 in which plaintiff, Hershey Lerner (a citizen of the United States), as the applicant is an application for patent entitled "Disposable Staple Element Container Cartridge." Serial No. 496,-133, filed March 23, 1955, and plaintiff, Inventions Management Corporation, as

the assignee of that application, seek to have the Court authorize the issuance by defendant Commissioner of Patents of a patent containing claims 40, 42, and 43 of said application. In that application, claims 21 through 39, 44, and 45 have been allowed.

2. For convenience and brevity, throughout the following findings of fact and conclusions of law the term "Plaintiff" is used to indicate either the plaintiff-applicant or the plaintiff-assignee, or both, according to the appropriate sense.

3. Plaintiff, on April 23, 1953, filed an application for patent, Serial No. 349,-862, entitled "Pneumatic Tacker." That application matured into patent No. 2,-938,212, granted May 31, 1960.

4. That application as filed disclosed a pneumatic device for feeding a belt of staple elements from a cartridge removably mounted on the device, for bending the elements into U-shaped staples, and for driving them out of the raceway of the device. The application as filed contained thirty-five claims.

5. Acting under the authority of 35 U.S.C. § 121 and Patent Office Rule 142, the Examiner required restriction of the application to one of what he held to be two claimed inventions. Restriction as finally required was between (A) all claims drawn to a stapling machine, some of these claims including also the cartridge, and (B) claims 12 through 16 limited to the staple-element-containing cartridge. In view of plaintiff's election of the claims of Group A, the Examiner, in his final action, stated that claims 12 through 16 stood withdrawn from further prosecution under Rule 142(b) as being drawn to a nonelected invention. Subsequently, the patent issued with ninety-four claims, including claims 1, 8, 63, 70, and others, drawn to the stapling machine including the cartridge.

6. On March 23, 1955, plaintiff filed the instant application, Serial No. 496,-133, as a division of the parent application, Serial No. 349,862. In the course of the prosecution of the instant application, the Examiner allowed twenty-one claims drawn to a staple-element-cartridge and finally rejected claims 40, 42, and 43 as unpatentable over the Schweiger patent No. 1,225,868.

7. The Schweiger patent discloses a stamp-affixing machine comprising a container for a roll of stamps in strip form, means for feeding the stamp strip from the container, and means to sever each stamp and impress it upon the surface to which it is to be attached.

8. In response to the Examiner's rejection on the Schweiger patent, plaintiff stated:

"Claims 40, 42, and 43, which have been rejected upon Schweiger, have been limited by adding the fact that the foremost element of the staple belt is in position to be severed from the remainder of the belt by the action of the ram of the stapling machine.

"This limitation clearly avoids the Schweiger reference which deals with a stamp machine."

9. Plaintiff appealed to the Board of Appeals from the Examiner's rejection of claims 40, 42 and 43. In his answer to plaintiff's brief before the Board of Appeals, the Examiner stated with respect to the rejection of claims 40, 42, and 43 on the Schweiger patent:

"The actual structure recited in the claims is disclosed by the reference and the functional statements are not given any patentable weight since the structure recited is in no way interrelated with the staple feeding means wherein new results are attained."

10. After a hearing, the Board of Appeals construed claims 40, 42 and 43 as drawn to a fastening or stapling machine combination, and reversed the Examiner's rejection of those claims on the Schweiger patent.

In its decision, the Board of Appeals stated:

"Therefore, claim 40 is drawn to the combination of a stapling machine having a ram and a removable cartridge which includes a flexible,

rolled, staple belt and belt feeding pawls.

\* \* \* \* \* \*

"Since the last 'means' clause and the ram and stapling machine mentioned therein in each of the claims 42 and 43 involves structure of the fastening machine mentioned in the preamble, these claims are also drawn to a fastening machine combination, like claim 40. Inasmuch as the Schweiger patent does not show a stapling machine having a cartridge containing a flexible staple element belt as the claims require, the patent is not pertinent and the rejection will not be sustained."

11. The Board's different construction of claims 40, 42 and 43 is the sole stated basis for its reversal of the Examiner's rejection of those claims on the Schweiger patent. There is nothing in the Board's decision to indicate that it would have reversed the Examiner's rejection of claims 40, 42 and 43 on the Schweiger patent if it had agreed with the Examiner's construction of the claims. There is nothing in the record to indicate that the Patent Office would admit patentability of these claims over the Schweiger patent if they were not construed as in the Board's decision.

12. On the basis of its construction of the claims, the Board of Appeals, under Patent Office Rule 196(b), entered a new rejection of claims 40, 42 and 43 on the ground of double patenting with respect to claims 1, 8, 63, and 70 of the Lerner patent No. 2,938,212.

13. Those limitations in claims 40, 42, and 43 which the Examiner held to be functional or use limitations, and which the Board construed as structural limitations, are not found in original claims 12 through 16 of the parent application which matured into Lerner patent No. 2,938,212.

14. Under Patent Office Rule 196(b) and Rule 197(b), plaintiff had the opportunity to request reconsideration of the Board's decision but instead of doing so he brought this action. Here plaintiff contends that defendant erred in holding (1) that the subject matter of claims 40, 42 and 43 was directed to a stapling machine, and (2) that allowance of those claims would constitute double patenting with respect to claims 1, 8, 63 and 70 of the Lerner patent No. 2,938,212.

15. Plaintiff did not show that claims 40, 42 and 43, as construed by the Board, differed in more than breadth or scope from or were distinguished patentably from claims 1, 8, 63 and 70 of the Lerner patent No. 2,938,212.

16. The first three sentences of 35 U.S.C. § 121 reads as follows:

"If two or more independent and distinct inventions are claimed in one application, the Commissioner may require the application to be restricted to one of the inventions. If the other invention is made the subject of a divisional application which complies with the requirements of section 120 of this title it shall be entitled to the benefit of the filing date of the original application. A patent issuing on an application with respect to which a requirement for restriction under this section has been made, or on an application filed as a result of such a requirement, shall not be used as a reference either in the Patent Office or in the courts against a divisional application or against the original application or any patent issued on either of them, if the divisional application is filed before the issuance of the patent on the other application."

CONCLUSIONS OF LAW

1. In this action plaintiff has not overcome the presumption of correctness attaching to the findings of fact of the Board of Appeals, nor has plaintiff shown that there is no rational basis for those findings.

2. The granting to an inventor of two patents based on only one invention is improper, and where such double

84

patenting inadvertently occurs, the later patent is invalid.

■ 3. Improper double patenting is involved where the claims of the second patent differ only in scope from the claims of the first patent.

■ 4. A second patent cannot properly be granted to an inventor where the claims of his pending application do not define patentable invention over the claims of his patent.

■■ 5. The foregoing conclusions are not affected in this case by 35 U.S.C. § 121. That statutory prohibition against use of a parent patent "as a reference" with respect to a divisional application applies only where that application is "filed as a result of" a requirement for restriction in the parent application which resulted in the patent. To be so filed, the divisional application may not claim the same invention as that of the claims elected and prosecuted to patent in the parent application, but must claim the substance of the claims to "the other invention" indicated by the Patent Office in the requirement for restriction.

6. Claims 40, 42 and 43 were not drawn to "the other invention" of claims 12 through 16 of the parent application but were drawn to the same invention as the claims prosecuted to patent in the parent application. Here 35 U.S.C. § 121 does not prohibit a double patenting rejection of claims 40, 42 and 43 of the instant application which are based on claims of the patent issued on the parent application.

7. On the record as a whole before this Court no error is found in the conclusion of the Board of Appeals that the prohibition of 35 U.S.C. § 121 does not apply and that claims 40, 42 and 43 are unpatentable on the ground of double patenting with respect to claims such as 1, 8, 63 and 70 of plaintiff's patent No. 2,938,212.

8. Plaintiff is not entitled to receive an original patent containing claims 40, 42 and 43 of his application, Serial No. 496,133.

9. The complaint will be dismissed.